JAMES A. MASON *vs.* INTERSTATE CONSOLIDATED STREET RAILWAY COMPANY.

Bristol.    November 17, 1897. — February 28, 1898.

Present: FIELD, C. J., MORTON, LATHROP, & BARKER, JJ.

*Removal of Cause to Circuit Court of United States — Statute — Affidavit.*

A writ was dated October 2, 1896, and was made returnable "on the first Monday of November next." The answer was filed on December 24, 1896, and on December 28 the plaintiff claimed a trial by jury. At the session of the Superior Court held on the first Monday of May, 1897, the defendant presented a

petition for the removal of the action to the Circuit Court of the United States. There had been a previous session of the Superior Court for trials by jury, beginning on the first Monday of the preceding February, at which the action could have been tried.  *Held*, that, under U. S. St. of August 13, 1888, § 3, 25 U. S. Sts. at Large, 433, the petition was filed too late.

On a petition by a defendant corporation for removal of a cause from the Superior Court to the Circuit Court of the United States, the affidavit of the defendant's president, that from prejudice and local influence the corporation would not be able to obtain justice in the State court, should have been filed under U. S. St. of August 13, 1888, § 2, 25 U. S. Sts. at Large, 433, in the Circuit Court of the United States, if any action thereon was desired.

Tort, for personal injuries.  The defendant, which was a Rhode Island corporation doing business in Massachusetts, filed a petition for the removal of the cause into the Circuit Court of the United States for the District of Massachusetts.  The petition was dismissed by *Lilley*, J.; and the defendant alleged exceptions.  The facts appear in the opinion.

*C. J. Noyes & C. W. Noyes*, for the defendant.

*J. Bennett*, for the plaintiff.

Field, C. J.  The writ in this action is dated October 2, 1896, and was made returnable " on the first Monday of November next."  The defendant's answer was filed on December 24, 1896, and on December 28 the plaintiff claimed a trial by jury.  At the session of the Superior Court held at New Bedford on the first Monday of May, 1897, the defendant presented its petition for the removal of the action to the Circuit Court of the United States for the District of Massachusetts.  There had been a previous session of the Superior Court for trials by jury, beginning on the first Monday of the preceding February, at which the action could have been tried.  The U. S. St. of August 13, 1888, by § 3, authorizes a petition for removal to be filed in the State court " at the time or any time before the defendant is required by the laws of the State, or the rule of the State court in which such suit is brought, to answer or plead to the declaration or complaint of the plaintiff," etc.   25 U. S. Sts. at Large, 433, 435.  It is plain that under this section of the statute the petition was filed too late.  Common Law Rule XVII. of Superior Court.

The affidavit of the president of the defendant corporation, filed May 3, 1897, that from prejudice and local influence the corporation would not be able to obtain justice in said State

court, should have been filed in the Circuit Court of the United States, if any action thereon was desired. U. S. St. of August 13, 1888, § 2. *Minnick* v. *Union Ins. Co.* 40 Fed. Rep. 369. *Kaitel* v. *Wylie,* 38 Fed. Rep. 865. *Southworth* v. *Reid,* 36 Fed. Rep. 451. *Exceptions overruled.*